UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TYRONE MCDOWELL,

        Plaintiff,

v.                                                                           22-CV-873 (JLS) (JJM)

DOUGLAS A. COLLINS, Secretary,
Department of Veterans Affairs,

        Defendant.

_____

## DECISION AND ORDER

    Plaintiff Tyrone McDowell commenced this action on November 14, 2022 alleging discrimination on the basis of race and color, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") against Defendant Denis McDonough, Secretary, Department of Veterans Affairs. Dkt. 1.[1] The case has been referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 28.[2]

    Before the Court is Judge McCarthy's [35] Report and Recommendation ("R&R") addressing Defendant's motion to dismiss. Defendant moved to dismiss on

___

[1] Douglas A. Collins has been substituted for McDonough pursuant to Fed. R. Civ. P. 25(d).

[2] The case was previously referred to Magistrate Judge Foschio, but was reassigned to Judge McCarthy in the interest of judicial economy based on commonality with Case Number 21-CV-338. *See* Dkt. 19; Dkt. 28.

August 21, 2024. Dkt. 18. Plaintiff opposed the motion, Dkt. 30, and Defendant replied. Dkt. 32.[3]

Judge McCarthy issued the R&R on September 29, 2025. Dkt. 35. He recommends that this Court grant Defendant's [18] motion to dismiss. *Id.* at 13. Plaintiff objected to the R&R. Dkt. 40. He argues that "the R&R fundamentally misapprehends the factual record, disregards the binding effect of VISN-2's 2007 full-time FTE classification of the Controlled Substance Coordinator ('CSC') position, fails to credit corroborating testimony from multiple VA officials, and fragments what was in reality a decade-long continuous pattern of discrimination and retaliation." *Id.* at 1. He further argues that the R&R overlooks the impact of Plaintiff's Court-recognized cognitive limitations, his protected OWCP status, and the severe psychological harm documented by his treating psychiatrist . . . ." *Id.* Defendant opposed the objections, Dkt. 42, and Plaintiff replied. Dkt. 45.[4]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

---

[3] Plaintiff also filed a sur-reply. Dkt. 34. Judge McCarthy "did not consider the sur-reply" because Plaintiff did not request permission to file it. *See* Dkt. 35 at 1 n.2. Out of an abundance of caution, this Court has reviewed the sur-reply. It does not alter he outcome here.

[4] Plaintiff also submitted an additional declaration. Dkt. 44.

2

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. See *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, this Court accepts Judge McCarthy's recommendation.

For the reasons stated above and in the R&R, the Court GRANTS Defendant's [18] motion to dismiss. The Clerk of Court shall close this case.

SO ORDERED.

Dated:   January 20, 2026
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE